EDMUND C. GASKILL, JR., PLAINTIFF AND APPELLANT, v. ATLANTIC CITY, DEFENDANT AND RESPONDENT.

Argued March 21, 1916—Decided June 19, 1916.

An unauthorized person who gains possession of a public office by force, and with full knowledge that his title thereto is disputed by the lawful incumbent, has no right of action against the public for the prescribed salary during such usurpation.

On appeal from a judgment of the Supreme Court.

For the appellant, *Bourgeois & Coulomb.*

For the respondent, *Clarence L. Cole* and *Theodore W. Schimpf.*

The opinion of the court was delivered by

TRENCHARD, J. Martin E. Keffer was appointed recorder by the commissioners of Atlantic City on July 23d, 1912.

His term as provided by law was for three years.

In the fall of 1914 the city clerk gave notice that the office of recorder would be filled at the general election. This notice was given upon the erroneous assumption that by the operation of the Walsh act (*Pamph. L.* 1911, *p.* 462), which Atlantic City had adopted, the term of the recorder expired January 1st, 1915, and was to be filled at the preceding general election.

Proceeding upon this erroneous theory, Edmund C. Gaskill, Jr., the plaintiff in this suit, was nominated and elected at the general election held November 3d, 1914.

On October 29th, 1914, shortly prior to the general election, the commissioners adopted a resolution recognizing the validity of Mr. Keffer's election for a term of three years and providing for payment to him of the salary attached to such office "until such time as the proper judicial tribunal of the state declare otherwise," and of this resolution Mr. Gaskill was cognizant.

On November 30th, 1914, Mr. Gaskill, conceiving that he was entitled to the office, immediately sent a letter to Mr. Keffer demanding that he, Keffer, surrender the office, to which Mr. Keffer replied, refusing to surrender and stating in effect that he was entitled to hold the office for the full term of three years from the time of his election by the commissioners.

Thus matters stood until December 31st, 1914, when the commissioners adopted a resolution "recognizing" the election of Mr. Gaskill as valid.

On the afternoon of December 31st, 1914, Mr. Gaskill, in the absence of Mr. Keffer, entered the office of the recorder and gave instructions for the changing of the combination of the safe and locks on the drawers of the desk, so that on the morning of January 1st, 1915, they were closed to Mr. Keffer, though from day to day he tendered himself at the city hall ready to perform the duties of his office.

Immediately after being thus ousted, Mr. Keffer began proceedings in *quo warranto* against Mr. Gaskill, who was in possession, exercising the functions of the office.   Shortly thereafter the legislature passed an act, the purpose of which was to validate the election of Mr. Gaskill.  *Pamph. L.* 1915, *p.* 659.   Mr. Gaskill was instrumental in securing the passage of this act, he having handed the original to a member of the legislature.   This act was brought to the attention of the Supreme Court and its effect considered in the *quo warranto* case then pending.   The court held that the appointment of Mr. Keffer was for a term of three years, from July

23d, 1912, and that the validating act was unconstitutional. A judgment of ouster was entered against Mr. Gaskill. *Keffer* v. *Gaskill,* 88 *N. J. L.* 77.

Thereupon Mr. Gaskill brought this suit against Atlantic City for the salary of recorder from January 1st, 1915, to July 23d, 1915, that being the period during which he had transacted the business of the office.

The trial judge, at the Atlantic Circuit, upon the foregoing matters of fact appearing, directed a verdict for the defendant and the plaintiff appeals from the consequent judgment.

We are of the opinion that the judgment must be sustained.

The case of *Stuhr* v. *Curran,* 44 *N. J. L.* 181, is not in point. There S. and C. were opposing candidates for the office of chosen freeholder. C. received the certificate of election from the board of canvassers, and performed the duties of the office for six months, having no reason to doubt that he was legally elected. He was subsequently ousted by S. on *quo warranto.* It was held that an action could not be maintained by S. against C. to recover the fees of the office received by the latter while he was in possession of the office. It will be observed that, in that case, there was concededly a vacancy, and the person who assumed to fill the office had no reason to doubt that he was legally elected.

In the present case there was no vacancy either in law or in fact, and the plaintiff knew that his claim to the office was seriously challenged by the incumbent. Indeed, he knew before the election that if elected his right to the office and its salary would be questioned.

This case is more like *Meehan* v. *Freeholders of Hudson,* 46 *N. J. L.* 276, where it was held that an unauthorized person gaining possession of a public office by force or fraud had no right of action against the public for the prescribed salary for services rendered during such usurpation. In that case the plaintiff, with full knowledge that the office to which he was nominally elected was already filled, and that no vacancy existed at the time of his appointment, forcibly ousted the in-

cumbent under color of a resolution which he knew was invalid. In the present case we do not attribute any such fraud or sinister conduct to the plaintiff. But, concededly, he knew that Mr. Keffer disputed his title. Concededly, he participated in the forcible ousting of Mr. Keffer.

In *Blore* v. *Board of Freeholders*, 64 *N. J. L.* 262, it was held that one who by force retains possession of a public office after the expiration of his term, and against the lawful demand of his legally-appointed successor, cannot recover the salary or emoluments attached to the office accruing after such demand. The only distinction between that case and this is the distinction between forcible and illegal retention and forcible and illegal intrusion. If Mr. Keffer had succeeded in holding on to the office, and his title had been held bad, the situation dealt with in the Blore case would have been presented. Now, we think that the same rule should apply when the unlawful claimant has ousted the lawful one. In other words, we think that an unauthorized person who gains possession of a public office by force, and with full knowledge that his title thereto is disputed by the lawful incumbent, has no right of action against the public for the prescribed salary during such usurpation. Clearly, Mr. Gaskill, if he had faith in his claim, should have brought *quo warranto*, and, if he had succeeded, he would have been entitled to the salary for the term. Instead thereof, he took the law in his own hands, to the detriment of the public peace, and forcibly ousted the lawful incumbent of the office who was engaged in the discharge of its functions.

The judgment of the court below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.